ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

KEITH THOMPSON,

        Plaintiff,

-against-

CITY OF NEW YORK, POLICE OFFICER
"SOTO" SHIELD #2184 and UNIDENTIFIED
NEW YORK CITY POLICE OFFICERS,
EMPLOYEES AND AGENTS,

        Defendants.

------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAR 16 2010 ★
BROOKLYN OFFICE

**MEMORANDUM AND ORDER**
Case No. 04-CV-2355 (FB) (RML)

*Appearances:*

*For the Plaintiff:*
KEITH THOMPSON, *pro se*
50-14 Broadway #4D
Woodside, New York 11317

*For the Defendant:*
MICHAEL A. CARDOZO, ESQ.
Corporation Counsel of the
City of New York
BY:   ALEXANDRA CORSI, ESQ.
        Assistant Corporation Counsel
100 Church Street
New York, New York 10007

**BLOCK, Senior District Judge:**

        Keith Thompson ("Thompson") commenced this false arrest action against the City of New York and various officers of the New York Police Department (collectively, "the City") in June 2004. In December 2005, the case was dismissed for failure to prosecute. Thompson now moves to reopen, some four years after his case was dismissed. His motion is denied for the reasons below.

I

        The clerk's docket reflects that Thompson's attorney, Thomas Sheehan, was suspended from practice before discovery commenced. *See* Letter from T. Sheehan (Sep.

8, 2005). The record is silent as to whether Sheehan directly informed Thompson of his suspension, but the Court can discern from Thompson's other Eastern District suits against the City that Sheehan did so.[1]

The Court ordered Thompson to notify the Court by a date certain whether he would be obtaining new counsel, see Order, Docket Entry No. 16 (Oct. 12, 2005) ("the October Order"). The Court ordered Sheehan to send a copy of the October Order to Thompson via regular mail and to file an affidavit of service. No affidavit of service was filed; the docket reflects that a copy of the October Order was returned as "undeliverable." See Docket Entry No. 17 (Nov. 20, 2005).

The Court issued a second order, again directing Thompson to notify the Court by a date certain whether he would be retaining new counsel. See Order, Docket Entry No. 19 (Nov. 10, 2005) ("the November order"). The Court directed the City to attempt to locate Thompson, to serve a copy of the November Order on him by regular mail, and to file an affidavit of service. The City filed an affidavit attesting that it had mailed a copy of the November Order to Thompson at "50-14 Brook Street, Apt. 4D, Woodside, NY 11377." See Affidavit, Docket Entry No. 20 (Nov. 17, 2005). The record is

---

[1] The Court takes judicial notice that Thompson retained Sheehan to bring at least one other false arrest action against the City in this District; Thompson recently moved to reopen that case, which was dismissed for failure to prosecute in March 2006. See Mot. to Reopen, *Thompson v. City of New York*, No. 04-CV-2236, Docket Entry No. 35 (E.D.N.Y. Jan. 8, 2010). In a hearing on that motion, Thompson told Magistrate Judge Viktor Pohorelsky that, at least by early 2006, Sheehan had advised him of "his suspension from practice and consequent inability to continue representing [Thompson]." Report & Recommendation at 2, *Thompson*, No. 04-CV-2236, Docket Entry No. 42 (E.D.N.Y. Mar. 9, 2010) (Pohorelsky, M.J.) (recommending that Thompson's motion to reopen be denied).

silent as to whether Thompson actually received the November Order; he did not respond. The Court dismissed the action for failure to prosecute. *See* Order (Dec. 21, 2005).

Thompson's true address at the time (and today) is 50-14 Broadway, not Brook Street; this fact came to the Court's attention only when Thompson filed his motion to reopen. The only fact alleged by Thompson in support of his motion is that Sheehan "abandoned [him] in the middle of the proceedings without notice, and [he] was unable to handle the proceedings on his own." Mot. to Reopen at 2 (Jan. 8, 2010).

## II

Thompson offers no legal authority in support of his motion, but "[i]t is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they *suggest.*" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original, citations omitted). The Court therefore construes Thompson's motion to reopen as one under Federal Rule of Civil Procedure 60(b). Rule 60(b) motions permit final judgments to be vacated and are "addressed to the sound discretion of the district court." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). Rule 60(b) lists five specific grounds for relief and a sixth catchall category; in light of Thompson's *pro se* status, the Court will consider each.

Motions under Rules 60(b)(1) ("mistake, inadvertence, surprise, or excusable neglect"), 60(b)(2) ("newly discovered evidence"), and 60(b)(3) ("fraud, misrepresentation, or misconduct") must be made "no more than a year after the entry of the judgment" that is sought to be reopened. *See* Fed. R. Civ. P. 60(c)(1). Since four years have passed, these

grounds for relief are unavailable.

Rule 60(b)(4) allows a case to be reopened if the judgment that closed it is void. "A judgment is void . . . only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 193 (2d Cir. 2006) (internal citation omitted). The Court had both subject matter and personal jurisdiction. With regard to due process, even if Thompson did not receive either the October Order or the November Order, or the order dismissing his case for failure to prosecute, Thompson was aware that Sheehan had been suspended. He failed to take any action in response. He therefore neglected his "duty to process his case diligently." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) (affirming dismissal for failure to prosecute after ten years of infrequent and sporadic progress). Accordingly, there was no violation of Thompson's right to due process.

Rule 60(b)(5) permits reopening if the judgment has been "satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable[.]" Fed. R. Civ. P. 60(b)(5). It is usually applied where a party seeks relief from either an injunction or a consent decree and can show "a significant change either in factual conditions or in law." *Agostini v. Felton*, 521 U.S. 203, 215 (1997). Rule 60(b)(5) is therefore inapplicable.

Lastly, the catchall provision of Rule 60(b)(6) permits the Court to "vacate judgments whenever necessary to accomplish justice." Fed. R. Civ. P. 60(b)(6). Such relief

4

must be sought within a "reasonable time," see Fed. R. Civ. P. 60(c)(1), and can be granted "only in extraordinary circumstances." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (internal citation omitted); Nemaizer, 793 F.2d at 61 ("final judgments should not be lightly reopened" under Rule 60(b)(6)).

Thompson's motion fails under Rule 60(b)(6) on both scores. First, the motion is untimely because a delay of four years is more than a "reasonable time." Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001) ("We do not think that [filing a motion to reopen] three and one-half years from the date judgment was entered is a reasonable time."). Second, Thompson's case is not "extraordinary." He offers no justification for neglecting his legal affairs for four years beyond the fact that Sheehan abandoned him. Thompson was aware of Sheehan's suspension, however, and sat on his hands for several years. Abandonment by one's counsel is unfortunate, but Thompson's failure to take action for more than four years does not justify the "extraordinary" relief of Rule 60(b)(6).

## III

Thompson's motion to reopen his case is denied.

**SO ORDERED.**

s/Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 16, 2010

5